ARIAN B. CANTINE ET AL., PLAINTIFFS IN ERROR, v. ANDREW BROWN, DEFENDANT IN ERROR.

A testator devised land to his three daughters, H., M. and P., their heirs and assigns, with proviso that in case P. should remain unmarried, and should make no disposition of her estate by will, her·share should at her death be equally divided among her sisters, if·surviving her; if

not, then among their children. *Held*, following *Kent* v. *Armstrong*, 2 *Halst. Ch.* 637, that P. took only a life estate, with power of testamentary disposition. *Held, also*, that the releases or conveyances of H. and M., and those of M.'s children (she is dead), and H., and her children, did not perfect the title.

In error to the Supreme Court.

For the plaintiffs in error, *W. Freeman.*

For the defendant in error, *J. L. Blake.*

The opinion of the court was delivered by

THE CHANCELLOR. Caleb Harrison, deceased, by his will, made in 1849, and proved in 1854, gave to his three daughters, Hannah, Margaret and Phebe, their heirs and assigns, in equal shares, certain, real and personal property, subject to an annuity to his widow. The devise is followed by this provision: "In case my daughter Phebe should remain unmarried, and should make no disposition of her estate by will, it is my will that the estate herein devised to her should at her decease be equally divided between her sisters, if surviving her, and if not, among their children." In 1856 part of the real estate so devised to them was partitioned among the three daughters by mutual conveyances of bargain and sale and quit-claim. In that partition a tract of thirty-nine acres was conveyed and released to Phebe by deed of July 1st, 1856. On the same day she conveyed that tract to her nephew, Caleb Harrison Condit, who, on the next day, reconveyed to her part of it, a parcel containing about four acres. In 1868 she sold and conveyed that parcel by deed of bargain and sale, with general warranty, to Mrs. Frances S. Burnside. In 1869 Hannah and her children, and the children of Margaret (who was then dead), executed like deeds with like covenant for the tract of thirty-nine acres, to the grantees of Phebe and their subgrantees, with a view to fortifying their title and clearing it of all doubt or liability to question. Subsequently Mrs. Burnside died, and her two

daughters, the plaintiffs in error, having sold the tract of about four acres (or some part of it) to the defendant in error, and he having refused to take title, suit for damages on his covenant was brought by them against him in the Supreme Court. That court held that the title of the plaintiffs in error was not perfect. Its judgment is brought up for review by the writ of error. It will be seen that the devise is to the three daughters, Hannah, Margaret and Phebe, and their heirs and assigns, with a provision that in case Phebe should remain unmarried, and make no disposition of her estate by will, the estate therein devised to her should at her decease be equally divided among her sisters, if surviving her, and if not, then among their children. Phebe is still living and is unmarried. The question presented is whether under that devise she takes a fee or merely a life estate, with power of testamentary disposition of the property. The decision of this court in *Kent* v. *Armstrong*, 2 *Halst. Ch.* 637, disposes of the question. The devise in this case differs in no material respect from the devise which was construed in that. There the gift was to the testatrix's daughter Eliza, to be by her possessed, enjoyed and occupied, to her, her heirs and assigns forever, with proviso that if she should die without heirs and intestate, all the estate devised to her should vest in the testatrix's son Charles and daughter Margaret and their heirs. It was held that Eliza took a life estate only, with a power of testamentary disposition, and that in the event of her dying without issue and intestate the executory devise over vested in Charles and Margaret. The subject was fully considered in that case, and the decision has stood nearly thirty-five years. It must be regarded as the law of construction in this state of such devises. It was determined that where there is a devise in fee, with a limitation over in the event of the death of the devisee without issue and without disposing of the property by will, the court will give effect to the intention of the testator and hold the devise to be of a life estate only, coupled with a power of testamentary disposition. The judgment of the Supreme Court in this case was in accordance with the decis-

ion of this court in that.  The conveyances by Hannah and Margaret, and by Hannah and her children, and the children of Margaret, did not perfect the title.  The act " to authorize the transfer of estates in expectancy " (*Rev.*, *p.* 167,) expressly excepts cases where the contingency is as to the person in whom the estate may vest.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, KNAPP, PARKER, REED, SCUDDER, VAN SYCKEL, COLE, PATERSON, WHITAKER.   10.

*For reversal*—DIXON.   1.